105 F.3d 666
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Raul SALCIDO-VALENCIA, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70268.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred July 11, 1996.
Resubmitted Dec. 30, 1996.
Decided Dec. 30, 1996.
 
 Petition to Review a Decision of the Immigration and Naturalization Service, I & NS No. Ads-dds-dps.
 INS
 REVIEW DISMISSED.
 Before: WOOD,* CANBY, and RYMER, Circuit Judges.
 
 
 1
 ORDER**
 
 
 2
 Raul Salcido-Valencia, a native and citizen of Mexico, petitions for review of the Board of Immigrations Appeals' (BIA) denial of his motion to reopen deportation proceedings so that he may apply for suspension of deportation pursuant to section 244(a) of the Immigration and Naturalization Act, 8 U.S.C. § 1254(a)(2). On June 21, 1996, the Government filed a motion to dismiss, arguing that we lack jurisdiction over Salcido-Valencia's petition for review.
 
 
 3
 Salcido-Valencia does not dispute that he is deportable by reason of his 1973 conviction for possessing marijuana with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). Section 440(a) of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), P.L. 104-132, 110 Stat. 1214, 1276-79 (Apr. 24, 1996) (to be codified at 8 U.S.C. § 1105a(a)(10)), therefore removes our jurisdiction to review his petition.[1] See Duldulao, Jr., v. I.N.S., 90 F.3d 396 (9th Cir.1996). We grant the Government's motion to dismiss Salcido-Valencia's petition for review.
 
 
 4
 PETITION DISMISSED.
 
 
 
 *
 The Honorable Harlington Wood, Jr., Senior United States Circuit Judge for the Seventh Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.Rule 36-3
 
 
 [1]
 AEDPA § 440 provides:
 [a]ny final order of deportation against an alien who is deportable by reason of having committed a criminal offense covered in section 241(a)(2) A(iii), (B), (C), or (D), ... shall not be subject to review by any court.
 Section 241(a)(2)(B), 8 U.S.C. § 1251(a)(2)(B), renders deportable:
 [a]ny alien who at any time after entry has been convicted of a violation of ... any law ... relating to a controlled substance ... other than a single offense involving possession for one's own use of 30 grams or less of marijuana.